UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT PATRICK CASIELLO,      )<br>                                                        )<br>            Plaintiff              )<br>                                                        )<br>v.                                                   )<br>                                                        )<br>DAVID STONE and              )<br>BRISCO BAILING CORP.,    )<br>                                                        )<br>            Defendants          )<br>                                                        ) | Civil Action No. 04-12553-RCL |

**MEMORANDUM AND ORDER ON APPEAL OF APPELLANT
ALBERT PATRICK CASIELLO FROM THE ORDER
OF THE BANKRUPTCY JUDGE DENYING CASIELLO'S
MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927 AS UNTIMELY**

LINDSAY, District Judge.

Before the court is an appeal of Albert Patrick Casiello ("Casiello") under 28 U.S.C. § 158 (a), from an order of a bankruptcy judge denying as untimely Casiello's post-trial motion for sanctions, pursuant to 28 U.S.C. § 1927 ("Section 1927"), against David Stone ("Stone") and Brisco Baling Corp. (collectively the "Creditors"). For reasons stated below, the case is remanded to the bankruptcy court for further proceedings consistent with this order.

Background

On approximately February 1, 2001, Casiello, Paul Venture and New England Enterprises, Inc. (collectively the "Buyers") entered into an asset purchase agreement (the "Agreement") with the Creditors. The Agreement required, in part, that the Buyers would pay the Creditors $3,400,000 for the assets in question. In October of 2001, Casiello filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code.

In January of 2002, the Creditors commenced an adversary proceeding against Casiello to prevent the discharge of Casiello's debt under 11 U.S.C. § 727. The Creditors claimed that Casiello made fraudulent misrepresentations and committed other acts to induce them to enter into the Agreement.

After filing the adversary complaint, the Creditors took no action for almost two years. The bankruptcy court then notified the Creditors that their action would be dismissed for failure to prosecute. The Creditors thereafter filed a motion for summary judgment, which the bankruptcy court denied.

The parties then commenced discovery. Casiello contends that the Creditors abused the discovery process, providing insufficient responses to interrogatories and requests for document production, making numerous frivolous objections at depositions and refusing to appear at a second day of deposition of Stone.

Casiello alleges that, despite the difficult discovery process, Stone admitted at deposition that neither Casiello nor his agents or representatives made any misrepresentations similar to those alleged in the Creditors' complaint and in Stone's affidavit in support of the Creditors' motion for summary judgment. Casiello then demanded, pursuant to Fed. R. Bankr. P. 9011 ("Rule 9011") (the bankruptcy equivalent of Fed. R. Civ. P. 11 ("Rule 11")), that the Creditors dismiss their adversary proceeding. The creditors declined to do so.

The matter was tried on September 8, 2004. The Creditors' case consisted solely of the testimony of Stone and Casiello. At the close of the evidence, the court granted Casiello's motion for judgment as a matter of law on all counts, and on September 10, 2004, judgment entered in Casiello's favor. On September 21, 2004, Casiello filed a motion for costs under Fed. R. Bankr.

P. 7054, and a motion for sanctions under 11 U.S.C. § 105(a) ("Section 105(a)") and Section 1927. On October 20, 2004, the court held a hearing on Casiello's motions. The court awarded Casiello costs, but denied his motion for sanctions as untimely in light of the safe harbor provisions of Rule 9011.

This appeal followed. On appeal, Casiello contends that the trial judge erred in denying his motion for sanctions pursuant to Section 1927. He insists that a motion for sanctions under Section 1927 may be made at any time, and that a Section 1927 motion is not subject to the "safe harbor" provisions of Rule 9011. The Creditors respond that the trial judge did not commit an error of law in concluding that Casiello's failure to comply with the procedural safeguards of Rule 9011 barred his subsequent motion for sanctions under Section 1927.

Analysis

1. *The court's jurisdiction to review Casiello's appeal*

This court has jurisdiction to hear Casiello's appeal under 28 U.S.C. § 158(a)(1), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals [] from final judgments, orders, and decrees[] of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]." The bankruptcy judge's October 20, 2004, denial of Casiello's motion for sanctions was a final order. On October 28, 2004, Casiello filed a timely notice of appeal and a statement of election to have the appeal heard before this court under Fed. R. Bankr. P. 8001 and 8002.

2. *The standard of review of a trial court's decision with regard to sanctions is abuse of discretion*

While a district court judge (or, in this case, a bankruptcy judge) has "[c]onsiderable discretion . . . to decide whether to impose sanctions and what form they should take," the

appellate court will not "'rubber-stamp' decisions of the [trial court] to impose sanctions." *Media Duplication Servs., Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1238 (1st Cir. 1991) (quoting *Damiani v. Rhode Island Hosp.*, 704 F.2d 12, 17 (1st Cir. 1983)); *see Navarro-Ayala v. Nunez*, 968 F.2d 1421 (1st Cir. 1992) (emphasizing that the trial court is vested with "[t]he primary responsibility for choosing an appropriate sanction"; cautioning, however, that "[a]ppellate review of the appropriateness of a sanction cannot be allowed to deteriorate into a perfunctory ritual"). In its review, the appellate court must "apply an abuse-of-discretion standard to 'all aspects of a [trial] court's Rule 11 determination.'" *Media Duplication Servs.*, 928 F.2d at 1238 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)); *see United States v. One 1987 BMW 325*, 985 F.2d 655, 657 (1st Cir. 1993); *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 757-58 (1st Cir. 1988) (concluding that, even after the 1983 amendments to Rule 11, the appellate courts should continue to use an abuse-of-discretion standard). *But see Empresas Omajede, Inc. v. Bennazar-Zequeira*, 213 F.3d 6, 9-10 (1st Cir. 2000) (remarking that there is no "case from [the First C]ircuit specifically dealing with the denial of sanctions motion under the Bankruptcy Rules and Rule of Civil Procedure 11"); *Plante v. Fleet Nat'l Bank*, 978 F. Supp. 59, 64-65 (D. R.I. 1997) (opining, in the context of a district court's review of a magistrate judge's recommendations concerning Rule 11 sanctions, that a "Rule 11 motion for sanctions, especially in a post-dismissal context, is properly characterized as a dispositive motion subject to *de novo* review"). The appellate court must apply "the same [abuse of discretion] standard to the other announced bases for sanctions." *Media Duplication Servs.*, 928 F.2d at 1238*; see Spiller v. U.S.V. Labs., Inc.*, 842 F.2d 535, 537 (1st Cir. 1988) (applying the abuse-of-discretion standard

4

in reviewing the district court's dismissal of an action where the plaintiff has failed to comply with the court's discovery orders).

A trial court "would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell*, 496 U.S. at 405.[1] In examining the trial court's decision with regard to sanctions, the appellate court must focus on whether "'a material fact deserving significant weight [was] ignored,' whether 'an improper factor [was] relied upon,' or whether 'when all proper and no improper factors [were] assessed . . . the court [made] a serious mistake in weighing them." *One 1987 BMW 325*, 985 F.2d at 657-58 (quoting *Independent Oil & Chem. Workers, Inc. v. Procter & Gamble Mfg. Co.,* 864 F.2d 927, 929 (1st Cir. 1988)).

   3. *Whether the bankruptcy judge erred in denying Casiello's Section 1927 motion as untimely*

Section 105(a) "empowers a bankruptcy judge to issue such 'order, process, or judgment' as may be 'necessary or appropriate to carry out the provisions'" of Title 11. *See In re Ropt Ltd. P'ship,* 209 B.R. 144, 149 (B.A.P. 1st Cir. 1997) (quoting 11 U.S.C. §105(a)). Section 105(a) "grants broad powers to bankruptcy courts to implement the provisions of Title 11 and to prevent an abuse of the bankruptcy process." *In re Ropt Ltd. P'ship*, 209 B.R. at 149 (quoting *In re Volpert,* 110 F.3d 494, 500 (7th Cir. 1997) (affirming bankruptcy court's power to impose sanctions under Section 105 for "unreasonably and vexatiously" increasing the court's workload)).

---

[1] Because "[a trial] court, by definition, abuses its discretion when it makes an error of law," it is of no consequence whether the appellate court reviews the court's decision under the abuse of discretion standard or de novo standard. *See Koon v. United States*, 517 U.S. 81, 100 (1996), *aff'd*, 526 U.S. 687 (1999).

Rule 9011 is the bankruptcy equivalent of Rule 11. Rule 9011 provides, in relevant part, that a motion for sanctions "may not be filed with or presented to the [bankruptcy] court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b) [of this rule]." This twenty-one day period is the so-called safe harbor provision.

Section 1927, the focus of this appeal, provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The court may use Section 1927 "to charge an attorney with the cost of 'unreasonably and vexatiously' multiplying the proceedings" when the rules do not specifically provide a sanction. 6 MOORE'S FEDERAL PRACTICE, § 26.06[3] (Matthew Bender 3d ed.). Often, sanctions under Section 1927 are combined "with other grounds for the imposition of sanctions." 27A FED. PROC., L. ED. § 62:879.

Section 1927 "is broader in scope than . . . Rule 9011," because Section 1927 "is not triggered by frivolous papers or pleadings, but rather, focuses on conduct during the course of judicial proceedings." 9 AM. JUR. 2D BANKRUPTCY § 473 (citing *In re Sowers*, 97 B.R. 480 (Bankr. N.D. Ind. 1989)). In addition, Section 1927 does not prescribe a time frame within which a motion for sanctions must be filed. Many courts have held, however, that the time within which a Section 1927 motion must be filed is not unlimited, and that the motion for sanctions under

6

Section 1927 "must be filed within a reasonable time after entry of judgment."  Kurtis A. Kemper, Cause of Action under 28 U.S.C. § 1927 to Recover Excess Costs, Expenses, and Attorneys' Fees for Unreasonable and Vexatious Multiplication of Proceedings, 19 CAUSES OF ACTION 447 § 25 (2004) (citing, inter alia, *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557 (3d Cir. 1985); *In re Ruben*, 825 F.2d 977 (6th Cir. 1987), *cert. denied sub nom, Swan v. Ruben*, 108 S.Ct. 1108 (1988)); *see also* 7 MOORE'S FEDERAL PRACTICE § 37.43[1] (Matthew Bender 3d ed.) (remarking that, in general, motions for sanctions "must be filed within a reasonable time after the alleged violation of the underlying discovery order occurred, was discovered, or should have been discovered through reasonable diligence").  Furthermore, at least one court has concluded that "[u]nlike Rule 11 sanctions, a motion for excess costs and attorney fees under [Section] 1927 is not predicated upon a 'safe harbor' period, nor is the motion untimely if made after the final judgment in a case."  *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997), *cert. denied*, 522 U.S. 1046 (1998) (concluding that the magistrate judge abused his discretion in imposing sanctions under Rule 11, but stressing that the unavailability of Rule 11 sanctions "does not rule out the possibility that attorney fees were properly assessed" under Section 1927)[2]; *In re Ruben*, 825 F.2d at 981-82 (finding that a motion for attorney's fees under Section 1927 filed four months after the district judge's entry of judgment and two weeks after the dismissal of the appeal was timely under the "reasonableness" test); *see White v. New Hampshire Dep't of*

---

[2] The court in *Ridder* explained that, "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court."  109 F.3d at 297.  The court further emphasized that "this service and filing must occur prior to final judgment or judicial rejection of the offending contention."  *Id*.  The court concluded, therefore, that "a party cannot wait until after summary judgment to move for sanctions under Rule 11."  *Id*.

*Employment Sec.,* 455 U.S. 445, 454 (1982) (upholding an award of attorney's fees under 42 U.S.C. § 1988 where the motion for attorney's fees was filed four-and-one-half months after the entry of final judgment; emphasizing that, while the decision on such a motion is within the sound discretion of the district court, the district court should consider the possibility of unfair surprise or prejudice to the affected party, as well as the policy of "avoid[ing] piecemeal appeals"); *Heghmann v. Fermanian*, 2000 WL 1742122, at *2 (D. Me. Nov. 27, 2000) (relying on *Cooter & Gell*, 496 U.S. at 394-98, where the Supreme Court of the United States held that a court may consider the imposition of Rule 11 sanctions after the voluntary dismissal of the underlying action; asserting that the Court's reasoning "is equally applicable to claims for sanctions under [S]ection 1927"); *see also Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789 (7th Cir. 1983) (concluding that Section 1927 motion for attorney's fees was untimely where the motion was filed eight months after dismissal and two months after affirmance; neither overruling nor limiting earlier cases requiring that such motion be filed within a "reasonable" time).

At the hearing on Casiello's motions for sanctions, the bankruptcy judge stated, with regard to the Section 105(a) motion (brought in conjunction with the Section 1927 motion and apparently considered by the judge as one motion), that he was "constrained by the Supreme Court" and could not do anything under Section 105(a) that he could not do under Rule 9011. The judge noted that his equitable powers "are circumscribed" and explained that he could not impose "sanctions that would be contemplated under [Rule 9011] [by imposing those same sanctions] under [Section 105(a)]." Because the bankruptcy judge concluded that Casiello's motion for sanctions under Rule 9011 was untimely, he also denied Casiello's motion for sanctions brought under Section 105(a) and Section 1927. I have found no legal authority that

8

supports the bankruptcy court's conclusion that a party's failure to comply with the "safe harbor" provisions of Rule 9011 bars consideration of that party's motion for sanctions under Section 1927.  I conclude therefore that the denial of Casiello's Section 1927 motion as untimely was an error of law.  The bankruptcy court is not precluded from considering that motion, filed following the entry of judgment.

## Conclusion

For the foregoing reasons, I conclude that the bankruptcy judge erred in denying Casiello's motion for sanctions under Section 1927 as untimely.  The case is remanded to the bankruptcy court for determination of whether sanctions under Section 1927 are appropriate.  I express no view as to whether sanctions should be imposed in the circumstances of this case; all that is decided is that the bankruptcy court has authority to consider the matter.

SO ORDERED.

/s/ REGINALD C. LINDSAY  
United States District Judge

DATED:     July 22, 2005